IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REBECCA WILSON §<br>Independent Executrix for the §<br>ESTATE OF MARY ELLEN §<br>STOUT, §<br>   §<br>   Plaintiff, §<br>   §<br>V. § No. 3:21-cv-2981-BN<br>   §<br>PATRICK BYRNE, §<br>   §<br>   Defendant. § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Rebecca Wilson, Independent Executrix for the Estate of Mary Ellen Stout, filed a motion for partial summary judgment. *See* Dkt. No. 41. Defendant Patrick Byrne filed a response, *see* Dkt. No. 56, and Wilson filed a reply, *see* Dkt. No. 60.

Raising some overlapping questions of fact and law, Byrne filed a Motion to Dismiss, *see* Dkt. No. 46, and Wilson filed a response, *see* Dkt. No. 59. Byrne did not file a reply, and his deadline to do so has passed. *See* Dkt. No. 52.

For the reasons explained below, the Court denies Wilson's Motion for Partial Summary Judgment [Dkt. No. 41] and denies Byrne's Motion to Dismiss [Dkt. No. 46].

## Background

Plaintiff Rebecca Wilson became the independent executrix for the Estate of Mary Ellen Stout on May 27, 2020. *See* Dkt. No. 1. at 2.

-1-

On November 29, 2021, Wilson filed a complaint in this Court against Defendant Patrick Byrne alleging trademark infringement, unfair competition, and fraud arising under the Lanham Act, 15 U.S.C. § 1051. *Id.* She also alleges parallel claims for trademark infringement, unfair competition, and unjust enrichment under Texas common law. *Id.*

The case concerns trademark ownership and consequent infringement for three different trademarks registered to the United States Patent and Trademark Office ("USTPO") – (1) Campus I.D., registered to Mary Ellen Stout June 6, 2006; (2) "DV," registered to Mary Ellen Stout January 5, 2016; and (3) "Design Visions," registered to Mary Ellen Stout September 21, 2004. *See* Dkt. No. 42 at 2-3.

Byrne and Stout were equal partners in Charming Visions, Inc. ("CVI"), Campus ID, and Gold & Silver Rentals. *See* Dkt. No. 58 at 33, 1. Byrne claims that Stout assigned all her shares and interests in the companies to him before her death. *See* Dkt. No. 56 at 2.

After becoming executrix of Stout's estate, Wilson filed a lawsuit on September 9, 2020, against Byrne in state court for breach of fiduciary duty, conversion, unjust enrichment, and requesting an order to wind up the companies G&S Rentals, L.L.C, Campus ID, and Charming Visions, Inc. based on her claim that the signatures assigning Stout's shares to Byrne were fraudulent. *See* Dkt. No. 58 at 39-40.

Byrne transferred the case to Dallas County Probate Court, where it went to a jury trial. *Id.* at 40; *see* Jury Verdict, Estate of Mary Ellen Stout, No. PR-20-00440-1 (Prob. Ct., Dallas County, Tex. July 13, 2023). The jury found that Stout's signature

assigning Byrne her shares in the companies was not genuine; that Byrne had converted Stout's shares in the companies; and that Byrne breached his fiduciary duty to Stout. *See* Jury Verdict, No. PR-20-00440-1 at 5, 8, and 13. The judgment awarded damages to Wilson. *See* Judgment, Estate of Mary Ellen Stout, No. PR-20-00440-1 (Prob. Ct., Dallas County, Tex. July 26, 2023).

Byrne filed a motion for a new trial, which is currently still before the court. *See* Motion for New Trial, Estate of Mary Ellen Stout, No. PR-20-00440-1 (Prob. Ct., Dallas County, Tex. Aug. 24, 2023).

Before the jury trial in state court, Wilson filed a partial motion for summary judgement requesting that this Court find that Stout – and consequently her estate – legally owned the trademarks in question. *See* Dkt. No. 41-42. In his response, Byrne requested that the Court estop Wilson from asserting individual ownership of the trademarks "Design Visions," "DV," and "Campus ID" under the doctrine of judicial estoppel. *See* Dkt. No. 56.

Byrne also filed a motion to dismiss raising the issues of standing, lack of subject matter jurisdiction, and abstention. *See* Dkt. No. 46. Byrne also repeated his request that Wilson be judicially estopped from making her arguments regarding ownership. *See id.*

Because the issue of judicial estoppel and trademark ownership is raised in both motions, the Court will address both Wilson's Motion for Partial Summary Judgment [Dkt. No. 41] and Byrne's Motion to Dismiss [Dkt. No. 41] in this Memorandum Opinion and Order.

**Legal Standards**

I. <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming*, 281 F.3d at 161 (citations omitted).

The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); accord *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

But, on a factual attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed

factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## II. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc);

*accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable

inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or

defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. See, e.g., *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2000).

## Analysis

In his motion to dismiss, Byrne raises multiple reasons that the Court should dismiss the case. The Court addresses each in turn.

I.   Standing

Byrne asserts that Wilson does not have Article III standing to bring this suit because Stout transferred her shares in the companies to Byrne. *See* Dkt. No. 46 at 1, 6. And, so, according to Byrne, Stout did not have did not have an ownership interest in Charming Visions d/b/a Design Visions and Campus I.D., Inc., at the time of her death. *See id.*

But Byrne confuses constitutional standing with statutory standing. As the Fifth Circuit explained,

> [w]hether a plaintiff has a sufficient interest in a mark to sue under the Lanham Act is a question of statutory standing. "Unlike Article III standing, statutory standing is not jurisdictional. Instead, it asks the merits question of whether or not a particular cause of action authorizes an injured plaintiff to

-11-

sue." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 666 (5th Cir. 2020) (citation and internal quotation marks omitted). We apply the same standard of review to statutory standing as we do to the elements of the cause of action. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 339 (5th Cir. 2021).

*Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, No. 22-50405, 2023 WL 5735552 at *3 (5th Cir. Sept. 6, 2023).

Even if Byrne's statutory standing argument has merit, this Court would still have jurisdiction under Article III, which is "the only kind of standing required before a federal district court can exercise subject matter jurisdiction." *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022).

II.     Abstention

Byrne requests that the Court decline or hold in abeyance jurisdiction under the doctrine of abstention, relying on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). Byrne claims that the only issue for the Court to resolve in this case is whether Stout's transfer of shares is valid, which would be mooted by the state court determination.

> Colorado River abstention is a narrow exception to a federal court's virtually unflagging duty to adjudicate a controversy that is properly before it.' *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (cleaned up). When a federal court has jurisdiction over a case that is part of parallel, duplicative litigation, it may abstain under Colorado River only in exceptional circumstances. But, as a threshold matter, Colorado River abstention is appropriate only when the federal and state suits are parallel, having the same parties and the same issues. *Am. Family Life. Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (cleaned up).

*Waggoner v. Cmty. Loan Servicing, LLC*, No. 3:23-CV-700-X-BN, 2023 WL 5167027, at *3 (N.D. Tex. June 23, 2023) (cleaned up).

Federal and state suits are parallel when they "involve[e] the same parties and the same issues." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs.*, Inc., 903 F.2d 352, 360 (5th Cir. 1990) (cleaned up).

The case before the probate court does involve the same parties, but the issues are not parallel. The issue before the probate court is company ownership, which – while relevant to trademark ownership – does not determine whether there has been a violation of the Lanham Act. To establish trademark infringement, the plaintiff must demonstrate "ownership in a legally protectible mark, and … they must show infringement by demonstrating a likelihood of confusion." *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008). The state probate court case will not determine trademark ownership, nor will it determine if there has been a likelihood of confusion. *See id.*; Dkt. No. 1 at 2. Even if it were "true that the general subject matter of the two actions is the same," the cases are not parallel where, notwithstanding some degree of overlap on the matter of company ownership, "[t]he other issues are disparate." *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

As the cases are not parallel, *Colorado River* abstention is inappropriate, and this Court retains jurisdiction. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 n.3 (5th Cir. 2006) ("If the suits are not parallel, the federal court must exercise jurisdiction.").

### III. Judicial Estoppel

Byrne raises the issue of judicial estoppel in both his response to Wilson's motion to grant partial summary judgment and his motion to dismiss. Byrne asserts

-13-

that Wilson's claim that Stout individually owned the trademarks "DV" and "Design Visions" is inconsistent with Stout's previous legal positions. *See* Dkt. No. 46 at 4-5. In his response to Wilson's motion for partial summary judgment, Byrne asks that the court apply judicial estoppel to Wilson's claim that Stout owns the trademark "Campus ID." *See* Dkt. No. 56 at 2; Dkt. No. 57 at 10.

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc) (citation omitted). For judicial estoppel to apply "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* at 574.

Byrne provides no evidence of any entity claiming to own the "Campus ID" trademark in a prior legal position. Byrne only references Campus I.D.'s "continuous use" of the name "Campus ID" as evidence of ownership. Dkt. No. 57 at 10. As there is no prior legal position accepted by a court concerning the trademark "Campus ID's" ownership, judicial estoppel does not apply.

As evidence that "Design Visions" is not owned by Stout individually, Byrne cites a case in which CVI sued a company for copyright infringement of their jewelry designs. *See id.*; Dkt. No. 48 at 50-52 (attached complaint from *Charming Visions Inc v. Kilgore and More Importing Inc*, No. 3:04-cv-161-G ["*Kilgore*"]). Byrne claims that CVI owned the trademark rights for Design Visions because CVI was doing business

-14-

as Design Visions, and the court issued a permanent injunction declaring Kilgore and More Importing, Inc. could not use "DV" in its products. *See* Dkt. No. 46 at 5; Dkt. No. 48 at 57.

The Court agrees with Wilson that the positions taken by Stout in *Charming Visions Inc v. Kilgore and More Importing Inc* are not "plainly inconsistent" with the position that Stout owns the trademarks individually. *Id.*; *see* Dkt. No. 59 at 2.

*Kilgore* determined that CVI held copyrights to "DV," but this does not preclude nor determine a claim under the Lanham Act. *See Alameda Films SA de CV v. Authors Rts. Restoration Corp. Inc.*, 331 F.3d 472, 482 (5th Cir. 2003) (finding plaintiff could sue under both the 1976 Copyright Act and the Lanham Act, stating "federal Copyright Act does not preempt the federal Lanham Act, or vice-versa"); *Microsoft Corp. v. Cruz*, No. 1:09CV987, 2010 WL 11629107 (E.D. Tex. Feb. 4, 2010) (explaining that, "[a]lthough their protection may overlap, copyright and trademarks are two distinct property rights.").

As evidence that "DV" is not individually owned by Stout, Byrne cites the Agreed Permanent Injunction in *Charming Visions Inc v. TJT Int'l*, No. 3:00-cv-285-G ["*TJT*"], which states that, in addition to certain copyrights, "Design Visions is also the owner of the 'DV' common law trademark. Design Visions' ownership of the 'DV' common law trademark is evidenced by its long usage in the marketplace by Design Visions." Dkt. No. 48 at 60-61.

In response, Wilson argues that Stout registered the trademark "DV" in her own name after the *TJT* case.

Whether or not Wilson is incorrect in stating Stout's registration negates CVI's common-law ownership of "DV," the Court also cannot say that Wilson is judicially estopped from making her argument for Stout's ownership. Judicial estoppel requires that a statement be "plainly inconsistent" with the previous position. *See Reed*, 650 F.3d at 574. It is possible that an owner of a trademark can lose their rights to the mark. *See generally* 3 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 17:9 (5th ed.).

While the Court does not have evidence CVI d/b/a Design Visions no longer owns the trademark, there is still the possibility that *TJT* and Wilson's pleadings can coexist. And so, this Court cannot apply judicial estoppel to Wilson's position. As Wilson persuasively asserts, the doctrine of judicial estoppel "is not designed to prevent deliberate business decisions regarding intellectual property ownership." Dkt. No. 60 at 4.

While Wilson's claims of trademark ownership are not judicially estopped, they do not support summary judgment in her favor. Wilson requests partial summary judgment declaring the Estate of Mary Ellen State owner of the trademarks in question based on Stout's registration of the trademarks in her own name. *See* Dkt. No. 42. Byrne's response asserts that CVI has ownership of the trademarks "DV" and "Design Visions" and that Campus ID owns "Campus ID" under common law. The Court agrees that Stout's registration of the marks is not dispositive of her ownership of the trademarks so as to support summary judgment in her favor on this issue.

Federal registration "constitutes prima facie evidence that the mark is valid and that the registrant has the exclusive right to use the registered mark in commerce with respect to the specified goods or services." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237 (5th Cir. 2010) (citing Lanham Act, 15 U.S.C. §§ 1057(b) and 1115(a)). But "ownership of trademarks is established by use, not by registration." *Smack Apparel Co.*, 550 F.3d at 475.

As the Fifth Circuit has explained, "[t]he first one to use a mark is generally held to be the 'senior' user and is entitled to enjoin other 'junior' users from using the mark." *Union Nat'l Bank of Texas, Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 842-43 (5th Cir. 1990). When the senior user has a common-law right to the trademark, and the junior user federally registers the trademark, "the nonregistered rights of a senior user continue and are not erased by the later federal registration of a junior user." 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 16:18.50 (4th ed.).

This is true regardless of whether the complaint alleges a violation of Section 32 or Section 43 of the Lanham Act. *See Tinker, Inc. v. Poteet*, No. 3:14-cv-2878-L, 2017 WL 4351304, at *5-6 (N.D. Tex. Sept. 30, 2017) (finding, in a claim for trademark infringement under 18 U.S.C § 1114(a), that the plaintiff's later registration of the trademark "did not erase [the defendant's] common law rights to use the Mark, [so] [the plaintiff's] claims against [the defendant] for trademark infringement are barred by [the defendant's] senior use of the Mark").

As acknowledged by both parties, Stout registered the trademarks after CVI d/b/a Design Visions claimed common-law ownership to the trademark "DV." *See* Dkt. No. 29 at 2-3; Dkt. No. 59 at 3.

Without determining the ownership of the trademarks at this stage, the Court concludes that Stout's later registration of the federal trademarks is not dispositive as to her personal ownership of the marks. And the Court has already addressed Byrne's arguments for judicial estoppel. And, so, there remains a genuine dispute of material fact as to the ownership of the trademarks, and Wilson's motion for partial summary judgment must be denied.

## Conclusion

The Court DENIES Wilson's Motion to Grant Partial Summary Judgment [Dkt. No. 41] and DENIES Byrne's Motion to Dismiss [Dkt. No. 46].

SO ORDERED.

DATED: October 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE